19910

GRAND STRAND AMUSEMENT, Appellant, v. CITY OF MYRTLE BEACH, Respondent.

(209 S. E. (2d) 898)

*Messrs. Julius W. McKay,* and *A. L. Moses* of *McKay, Sherrill, Walker, Townsend & Wilkins,* Columbia, and *James Stevens,* of *Stevens & Holt,* of Loris, *for Appellant,*

*Messrs. David R. Gravely* of *Bellamy, Rutenberg, Epps & Gravely,* and *John E. Copeland,* of *Copeland & Van Osdell,* of Myrtle Beach, *for Respondent,*

*Julius W. McKay,* and *A. L. Moses,* of *McKay, Sherrill, Walker, Townsend & Wilkins,* of Columbia, and *James Stevens,* of *Stevens & Holt,* of Loris, *for Appellant,* in Reply.

November 14, 1974.

LITTLEJOHN, Justice:

In this action the plaintiff, Grand Strand Amusement Park (Grand Strand), seeks to recover from the defendant, City of Myrtle Beach (City), "judgment against Defendant, pursuant to the South Carolina Betterments Act, S. C. Code Ann. (1962) § 57-401 *et seq.* in the amount of $250,-000.00," for improvements to Spivey Beach Road. The City demurred to the complaint. The lower court sustained the demurrer. Grand Strand has appealed.

The action is a sequel to the case of *City of Myrtle Beach v. W. M. Parker,* 260 S. C. 475, 197 S. E. (2d) 290 (1973). Our decision in that case, to which Grand Strand was a party, held that the City had not abandoned Spivey Beach Road which Grand Strand was occupying. We ruled that the City held the street in trust for the use and benefit of the general public.

According to the agreed statement of facts, in 1964 Grand Strand obtained a leasehold interest in property on both sides of a portion of Spivey Beach Road in the City, said lease containing an option to purchase. Grand Strand took the view that the road had been abandoned by the City and proceeded to improve the road and use it. The present action

seeks to recover from the City money allegedly spent for the improvements to the road.

There are several grounds of the demurrer, and three exceptions are taken to the ruling of the lower court, but the only real issue is set forth in the agreed statement as follows: "The Demurrer, as interpreted by the Lower Court, brings into question the applicability of the Betterments Act, Section 57-401 *et seq.* to a public street."

Section 57-401 of our Betterments Act provides as follows:

"Defendants to be awarded full value for improvements in certain cases.—After final judgment in favor of the plaintiff in an action to recover lands and tenements, if the defendant has purchased the lands and tenements recovered in such action or taken a lease thereof or those under whom he holds have purchased a title to such lands and tenements or taken a lease thereof, supposing at the time of such purchase such title to be good in fee or such lease to convey and secure the title and interest therein expressed, such defendant shall be entitled to recover of the plaintiff in such action the full value of all improvements made upon such land by such defendant or those under whom he claims, in the manner provided in this chapter."

Subsequent sections of the act provide that the improver may bring an action for the improvements made against the party who dispossessed him. And if a judgment is procured it becomes a lien upon the property which may be sold to satisfy first the party who prevailed in the first action, and secondly the improver. The judgment debtor has, under the act, the right to satisfy the judgment and avoid the sale.

Grand Strand argues that the easement of the City is an interest in land as contemplated by the term "lands and tenements" used in the statute. When the entire statute is read, it becomes obvious that Grand Strand's claim is not brought within the scope of the Betterments Act. The demurrer as construed is predicated on the ground that an

improvement made to a right-of-way for a public road or street is not a betterment for which compensation can be had under the act. We agree.

We are dealing with an easement for a road which is held by a municipality in trust for the public. Clearly, the property would not be subject to sale to satisfy the judgment. The Betterments Act provides no other means for the enforced collection of an award thereunder, which does not possess the incidents of a money judgment.

The demurrer was properly sustained.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.